NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTIAN ARCHILA, AKA Escalante Azucena, AKA Luis Macias, AKA Jorge Oswaldo,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-70510

Agency No. A087-432-934

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2020**

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Christian Archila, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's ("IJ") decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination. That evidence includes Archila's false representations in 2009 and 2014 to immigration authorities that he was a citizen of Mexico. When Archila made those false representations, he had been in the United States for several years. He was neither in flight from El Salvador nor trying to secure his entry into the United States. *Cf. Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("[A] genuine refugee escaping persecution may lie about his citizenship to immigration officials in order to flee his place of persecution or secure entry into the United States," but when a person otherwise chooses to lie to immigration authorities, "[t]hat always counts as substantial evidence supporting an adverse credibility determination.").

The agency concluded that Archila lied about his citizenship so he would be removed to a neighboring country and able to return to the United States more quickly after his removal. Archila's explanations do not compel a contrary

15-70510

conclusion.  *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (agency not required to accept explanations for inconsistencies).  The agency's adverse credibility determination is also supported by inconsistencies between Archila's testimony concerning his initial arrival in the United States and other evidence, including the Form I-213 from his previous removal proceedings.  We therefore uphold the agency's adverse credibility determination, *see Shrestha*, 590 F.3d at 1044, and the resulting denial of Archila's withholding of removal claim, *see Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Archila's claim for CAT protection because it was based on the same evidence that the agency found not credible, and Archila does not point to other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador.  *See Shrestha*, 590 F.3d at 1048-49.

**PETITION DENIED.**